UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| H. RICHARD AUSTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:16-CV-01491-JAR |
| ) | |
| HANOVER INSURANCE COMPANY *a/k/a* ) | |
| MASSACHUSETTS BAY INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion for Sanctions (Doc. 14). On April 20, 2017, the Court ordered Plaintiff to show cause why sanctions should not be imposed and set the matter for a hearing (Doc. 31). On May 4, 2017, Plaintiff filed his response to the Court's show cause order (Doc. 32) and, on May 15, 2017, Defendant filed its response (Doc. 33). The Court held a hearing on May 19, 2017 and found under its inherent authority that sanctions against Plaintiff were appropriate and necessary (Doc. 36). The Court directed Defendant to submit its statement of costs in defending this lawsuit, including attorney's fees, and Defendant filed a statement of attorneys' fees and costs on May 26, 2017 (Doc. 37). For the reasons set forth below, Defendant's motion for sanctions will be granted.

**I.   Background**

The procedural history of this case dates back to 1993 and involves several related actions filed in four federal district courts and three courts of appeal.

*Austin I*

According to the Amended Complaint (Doc. 7) and the exhibits attached thereto, pro se

Plaintiff Austin's house in Vermont burned down on November 12, 1993. His insurance company, Hanover Insurance Company ("Hanover"), found the fire to be the result of arson and refused to pay benefits under Plaintiff's policy. Thereafter, Plaintiff initiated an action against Hanover and Massachusetts Bay Insurance Company and sought payment under the policy.[1] Plaintiff also alleged that the defendants acted in bad faith. Hanover asserted that Plaintiff was not able to recover because he set fire to the home. *Austin I* culminated in a jury trial (Doc. 13-1). At trial, Plaintiff challenged the finding of arson. The jury returned a verdict in favor of Defendant, and judgment was entered in favor of the defendants. Plaintiff appealed the case to the United States Court of Appeals for the Second Circuit, which affirmed the district court's judgment. *Austin v. Hanover Ins. Co.*, Case No. 1:95-CV-170 (D. Vt. Aug. 1, 1997), *aff'd* No. 97-9069, 1998 WL 801885 (2d Cir. Nov. 12, 1998), *cert. denied*, 527 U.S. 1004 (1999) ("*Austin I*").

### *Austin II*

On September 28, 1999, Plaintiff filed an "independent action" against Defendants in the United States District Court for the District of Vermont, requesting that the court's judgment against him in *Austin I* be revoked. Plaintiff further sought entry of default judgment against Defendant and the "reinstatement of his other extra-contractual claims of emotional suffering and punitive damages." (Doc. 7-2 at 18; 13-5 at 1.) Hanover and Massachusetts Bay filed a motion to dismiss, arguing that Plaintiff's claims were barred by the doctrine of *res judicata*. The district court granted the motion to dismiss and denied Plaintiff's motions for relief from the order granting dismissal. *Austin v. Hanover Ins. Co.*, 1:99-CV-252 (D. Vt. Nov. 3, 1999). The Second Circuit affirmed. *Austin v. Hanover Ins. Co.*, 14 F. App'x 109 (2d Cir. 2001) (collectively, with the district

---

[1] The Court "may consider some materials that are part of the public record or do not contradict the complaint." *Little Gem Life Scis., LLC v. Orphan Med., Inc.*, 537 F.3d 913, 916 (8th Cir. 2008); *Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003) ("The district court may take judicial notice of public records").

court order, "*Austin II*").

## *Austin III*

In August 2003, Plaintiff filed a third action, this time against Defendant's attorneys and experts, challenging the validity of scientific evidence Hanover used to prove arson. The district court dismissed Plaintiff's complaint, and the Second Circuit affirmed. *Austin v. Downs, Rachlin & Martin*, No. 1:03-CV-204, 2003 WL 23273466 (D. Vt. Nov. 3, 2003), *aff'd,* 114 F. App'x 21 (2d Cir. 2004).

## *Austin IV*

On May 19, 2005, Plaintiff filed an action in this Court ("*Austin IV*"), which the Court found to be "a near replica of his previous suits." *Austin v. Downs, Rachlin & Martin et al.*, No. 4:05CV800 SNL, 2006 WL 355261, at *2 (E.D. Mo. Feb. 15, 2006). In granting Defendants' motion to transfer to the District of Vermont, the Court noted that "Plaintiff's case clearly has no merit." *Id.* at *4. This Court further noted that "if Plaintiff brings this or a related cause of action before this Court again, he will be subject to sanctions." *Id.* After transfer, the District of Vermont granted the defendants' motion to dismiss, stating that "Austin has had his day in court, and at this point he is simply wasting judicial resources." *Austin v. Downs, Rachlin & Martin*, No. 1:06–CV–38, 2006 WL 2585102, at *3 (D. Vt. Aug. 24, 2006).

## *Austin V-VIII*

After *Austin IV*, Plaintiff initiated four more actions against Hanover's attorneys and experts in federal court, none of which were successful.[2] *See H. Richard Austin v. Douglas G. Peterson & Assoc.*, No. CIV.A. 08-30128-MAP, 2008 WL 5070612 (D. Mass. Nov. 18, 2008); *H. Richard Austin v. Douglas G. Peterson & Assoc., et al.*, No. 5:11–CV–373–BR, 2011 WL 8997718

---

[2] Neither Plaintiff nor Defendant has provided, nor has the Court been able to locate, the citation for the eighth lawsuit filed by Plaintiff.

(E.D.N.C. Dec. 1, 2011); *Austin v. Douglas G. Peterson & Assocs., Inc.*, No. 5:13–CV–877–BO, 2014 WL 1891419 (E.D.N.C. May 12, 2014).   On September 21, 2016, Plaintiff initiated the instant action purporting to bring it under Fed. R. Civ. P. 60(d)(1) and 60(d)(3).  By Plaintiff's own admission, the present action is the ninth time that he has tried to litigate matters relating to the destruction of his home in 1993.[3]

## II.   Discussion

Courts have a number of implied powers necessary to manage their own affairs and achieve the orderly and expeditious disposition of cases. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991).  These inherent powers include the imposition of sanctions for the willful disobedience of a court order or when a losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258–59 (1975); s*ee also Young v. U.S. ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 796 (1987) ("The ability to punish disobedience to judicial orders is regarded as essential to ensuring that the Judiciary has a means to vindicate its own authority without complete dependence on other Branches.").  Sanctions may include outright dismissal of a lawsuit and assessment of attorney's fees. *See Chambers*, 501 U.S. at 45 ("outright dismissal of a lawsuit… is a particularly severe sanction, yet is within the court's discretion."); *Greiner v. City of Champlin*, 152 F.3d 787, 790 (8th Cir. 1998) ("The court has inherent power to assess attorneys' fees as a sanction for willful disobedience of a court order.")  Inherent powers must be exercised with restraint and discretion, and a primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process. *Chambers*, 501 U.S. at 44-45.

Here, the Court finds that dismissal of this lawsuit with prejudice and assessment of

---

[3] Plaintiff and Defendant disagree with regard to the number of previously-filed actions. Plaintiff asserts that this action is the ninth time he has tried to litigate his claim, while Defendant cites to seven previously-filed actions.

attorney's fees and costs against Plaintiff are appropriate sanctions for Plaintiff's conduct. Plaintiff has filed numerous nearly identical actions in federal courts and disregarded the orders of those courts, including this Court. In *Austin IV*, this Court found Plaintiff's lawsuit to be "a near replica of his previous suits" and noted that "if Plaintiff brings this or a related cause of action before this Court again, he will be subject to sanctions." *Austin IV*, 2006 WL 355261, at *4 (discussing Plaintiff's cases against both Hanover Insurance Company and its experts and attorneys). The language contained in that Order was an authoritative statement containing an express declaration of the court regarding future conduct. *See United States v. Certain Lands in Jackson Cty., Mo.*, 69 F. Supp. 565, 569 (W.D. Mo. 1947). Plaintiff disregarded this Court's Order and filed the instant action in violation of this Court's express directive.

Plaintiff conceded in his response to the Court's show cause order that litigation related to the 1993 destruction of Plaintiff's home has spanned more than 16 years and that the current action constitutes his ninth lawsuit against Defendant or "various participants (experts and attorneys), who executed the fraud on [Defendant's] behalf." (Doc. 32 at 5). He argues that Defendant's "voluntary and devious behavior" is the reason for the numerous lawsuits, which Plaintiff himself characterizes as a "lengthy and wasteful process." (*Id.*) Although the Court acknowledges that Plaintiff holds a sincere belief in the merits of his legal arguments, his conduct became vexatious and in bad faith after his lawsuits were consistently dismissed and this Court warned Plaintiff against bringing this or a related cause of action. Plaintiff willfully disobeyed a court order, and the Court may exercise its inherent authority to sanction Plaintiff for his misconduct.

Having provided Plaintiff with notice and an opportunity for a hearing on the record, the Court finds that Plaintiff acted vexatiously and in bad faith by filing the instant action. *See Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 767 (1980). Accordingly, the Court will exercise its inherent authority and dismiss this action with prejudice and award Defendant reasonable attorney's

fees and costs. Based on the filings, appearances, and Defendant's statement of attorney's fees and costs, the Court will award Defendant $7,500.00 for its reasonable fees and costs incurred in defending this lawsuit.

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Defendant's motion to sanctions [14] is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is **DISMISSED WITH PREJUDICE** and that attorney's fees totaling $7,500.00 are assessed against Plaintiff for his willful disobedience of a court order.

**IT IS FINALLY ORDERED** that all pending motions are **DENIED as moot**.

A separate Order of Dismissal will accompany this Memorandum and Order.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

Dated this 24th day of July, 2017.